KUSTER v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. March 13, 1903.)

1. LIBEL—ISSUE—INSTRUCTION.

Where, in an action for libel, the publications complained of, by a fair construction, only charged plaintiff with having put his wife in an insane asylum without cause, and one of the articles contained a statement that plaintiff had testified that the wife had accused him of trying to poison her, but the statement could not be understood otherwise than as a claim that the wife was under an insane delusion, and the complaint nowhere charged that any damages were claimed on the ground that plaintiff had been charged with an attempt to poison, it was error to instruct that the jury might determine whether plaintiff had been charged with an attempt to poison his wife.

2. SAME—EVIDENCE.

In an action for libel, the publications complained of having charged plaintiff with putting his wife in the insane asylum when she was not insane, and the question as to her sanity being the only issue, it appeared that prior to the publication plaintiff's wife had visited her brother in another state, who had placed her in an insane asylum, and there was admitted in evidence on behalf of plaintiff a letter from the brother to plaintiff, in which he set out his reasons for placing her in the asylum. On 'cross-examination of plaintiff no question had been put to him as to the contents of the letter. *Held*, that it was error to admit the letter.

O'Brien, J., dissenting, and Hatch, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Louis E. Kuster against the Press Publishing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

See 75 N. Y. Supp. 1127.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John M. Bowers, for appellant.
James L. Bennett, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for the publication of alleged libels. The plaintiff had a verdict, and from the judgment entered thereon defendant has appealed.

Two errors were committed on the trial which necessitate a reversal of the judgment: (1) In permitting the jury to infer that the articles published charged the defendant with endeavoring to poison his wife; and (2) in admitting in evidence, against defendant's objection, a letter written to the plaintiff from Neola, Iowa, by Mr. Campbell, a brother of the plaintiff's wife.

It seems unnecessary to consider at length the facts set out in the voluminous record further than to point out the errors referred to. . A fair construction of the articles only charges the plaintiff with having attempted to, or putting, his wife in an insane asylum, without any reason therefor, and when she was in fact sane. It is true in one of the articles a statement was made to the effect that the plaintiff, in a proceeding instituted for the purpose of incarcerating his wife in an insane asylum, testified that she had accused him of trying to poison her, but this statement, in connection with the other portion of the article, could not be understood by a person of ordinary intelligence otherwise than as a claim made by the plaintiff that his wife was laboring under an insane delusion when she made the same. The other articles in no way connected the plaintiff with the claim made by the wife that she had been, or some one was, attempting to poison her, and the complaint was evidently drafted upon this theory, because nowhere appeared in it appropriate allegations, by innuendo or otherwise, to the effect that damages were claimed because the articles were libelous in that they charged the plaintiff with attempting to poison his wife. Nor did the trial proceed upon any such theory. This is apparent from the evidence introduced, as well as by the statement of plaintiff's counsel in his summing up, in which he said to the jury that the issue "is simply this: Whether this man [referring to the plaintiff] formed a madhouse plot to rob his wife of her liberty—to put her into an asylum—when he believed her to be sane." Notwithstanding that none of the articles charged the plaintiff with having attempted to poison his wife, that the complaint did not predicate a recovery upon that ground, and that the plaintiff's counsel did not make any such claim to the jury, the learned trial justice nevertheless stated to the jury that he would permit them to determine whether the articles did, in fact, charge the plaintiff with having "been guilty of an attempt to poison his wife." An exception was duly taken to such instruction. The law is clear. If the language of an article is plain and unambiguous, then it is the duty of the court to determine whether or not it be libelous. If, on the other hand, the language is ambiguous, and of such a character as to lead a person of ordinary intelligence to infer that a certain charge was made, though not in plain words, then the court may submit the question to the jury, providing there be a proper innuendo in the complaint. Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810; Beecher v. Press Pub. Co., 60 App. Div. 536, 69 N. Y. Supp. 895. Here the language is not ambiguous. As already indicated, no person of ordinary intelligence, after reading the articles, could even infer that they charged the plaintiff with poisoning his wife, or with any charge other than that of attempting to incar-

cerate her in an insane asylum without any reason therefor. The jury should have been so instructed, and in instructing otherwise the court erred.

The issue presented by the pleadings was whether the plaintiff had, or was attempting to, put his wife in an insane asylum, notwithstanding the fact that she was sane. The plaintiff, by his complaint, based upon the articles, sought to recover damages from the defendant because such charge, without any basis therefor, had been made. The answer admitted the publication of the articles, and in effect alleged that the same were true, and this was the issue, and the only issue, which was tried. During the course of the trial it appeared that the plaintiff's wife, prior to the publication of the articles, visited her brother, who lived at Neola, Iowa, and that upon her arrival there the brother induced her to accompany him to Council Bluffs, Iowa, where he placed her in an insane asylum. After he had done this he wrote the plaintiff a letter, in which he set out at length what he had done, and the reasons therefor, and stated facts which conclusively established, it is fair to infer, to his satisfaction at least, the insanity of the plaintiff's wife. This letter the plaintiff was permitted to introduce in evidence, against defendant's objection, and it does not require argument to demonstrate that it was very material as bearing upon the issue being tried. The plaintiff claimed that he was justified in doing what he did, because his wife was insane. The articles charged, and defendant's answer asserted, that there was no justification for his act, inasmuch as the wife was sane. That his wife was placed in an insane asylum by her own brother was just the kind of evidence calculated to, and which unquestionably did, influence the jury in reaching their verdict. The admission of the letter in evidence is sought to be sustained upon the ground that the cross-examination of the plaintiff justified it; but a consideration of the record shows there is no basis for the claim. Not a single question was put by defendant's counsel as to the contents of the letter, and any testimony given bearing upon that subject was a voluntary statement made by the plaintiff. Defendant was not present when the letter was written, had no knowledge of its contents, and, of course, was not bound by any of the statements contained in it. It was not competent evidence bearing upon the issue, and should have been excluded.

Other errors are alleged, but we deem it unnecessary to consider them here.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and INGRAHAM, J., concur. HATCH, J., concurs on the last ground stated in the opinion. O'BRIEN, J., dissents.